**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LOUISVILLE CITY SCHOOL DISTRICT BOARD OF EDUCATION<br>407 East Main Street<br>Louisville, Ohio 44641 | ) ) ) ) ) | CASE NO.<br><br>JUDGE: |
| Plaintiff,<br>vs. | ) ) ) ) | |
| OHIO ASSOCIATION OF PUBLIC SCHOOL EMPLOYEES (OAPSE)/AFSCME LOCAL 4 AFL–CIO<br>6805 Oak Creek Drive<br>Columbus, Ohio 43229 | ) ) ) ) ) ) ) | COMPLAINT FOR DECLARATORY JUDGMENT |
| c/o Joseph P. Rugola<br>Executive Director | ) ) ) | |
| and | ) ) | |
| OHIO ASSOCIATION OF PUBLIC SCHOOL EMPLOYEES (OAPSE)/AFSCME LOCAL 4 AFL–CIO<br>LOUISVILLE CHAPTER #456 | ) ) ) ) ) ) | |
| c/o Clinton Butler<br>President, Louisville Chapter #456<br>9003 Rue Helena St. N.E.<br>Louisville, Ohio 44641 | ) ) ) ) ) | |
| and | ) ) | |
| PATRICIA SEARS<br>3030 Mount Pleasant Street NW<br>North Canton, Ohio 44720 | ) ) ) ) | |
| and | ) ) | |
| DEBBIE LUTZ<br>1004 Park Village Drive<br>Louisville, Ohio 44641 | ) ) ) ) | |

|                        |   |
|------------------------|---|
| and                    | ) |
|                        | ) |
|                        | ) |
| DEBORAH FABER          | ) |
| 4347 Gephart Avenue    | ) |
| Louisville, Ohio 44641 | ) |
|                        | ) |
|     Defendants. | ) |

Plaintiff, Louisville City School District Board of Education ("Board"), under Fed.R.Civ.P. 3 and 28 U.S.C.A. § 2201, states for its Complaint:

## JURISDICTION AND VENUE

1. The Board is the body politic and corporate under Ohio Rev. Code § 3313.17 charged with operating the Louisville City School District.

2. Defendant Ohio Association of Public School Employees (OAPSE)/AFSCME Local 4 AFL–CIO ("Union") is the union recognized by the State Employment Relations Board, under Ohio Rev. Code § 4117.05(A), as the sole and exclusive representative for the collective-bargaining unit of noncertified employees that includes the individual defendants' employment positions. It operates in the Louisville City School District via Louisville Chapter #456.

3. Defendant Patricia Sears is a Board employee working as a secretary at Louisville High School. Sears is a resident of Stark County, Ohio, which is within the Northern District of Ohio, Eastern Division.

5. Defendant Debbie Lutz is a Board employee working as a guidance secretary at Louisville High School. Sears is a resident of Stark County, Ohio, which is within the Northern District of Ohio, Eastern Division.

2

6. Defendant Deborah Faber is a Board employee working as an aide. Faber is a resident of Stark County, Ohio, which is within the Northern District of Ohio, Eastern Division.

7. The Board brings this action for declaratory judgment under 28 U.S.C.A. § 2201.

8. This case or controversy asks the Court to declare the parties' rights and legal relations under a collective-bargaining agreement between the Board and the Union and the First Amendment to the United States Constitution. Accordingly, this Court has jurisdiction over this matter under Article III § 2 of the United States Constitution and 28 U.S.C.A § 1331.

9. Venue is appropriate in this matter pursuant to 28 U.S.C.A. § 1391(b)(1) and (b)(2).

## ALLEGATIONS OF FACT

10. The Board and the Union entered into a collective-bargaining agreement ("CBA") effective July 1, 2016–June 30, 2019. The CBA binds the Board and regulates the wages, hours, and other terms and conditions of employment of those employees represented by the Union. A true and accurate copy of the CBA is attached as **Exhibit A**.

11. The provisions of the CBA, entered into before the United States Supreme Court's decision in *Janus v. Am. Fed'n of State, County, and Mun. Employees, Council 31*, __U.S.__, 138 S.Ct. 2448, 201 L.Ed.2d 924, prohibit bargaining-unit employees from resigning their Union membership while the CBA is effective and require the Board to deduct dues and fees from their wages and remit those deductions to the Union throughout the CBA's entire term.

12. Sears, Lutz, and Faber are bargaining-unit employees whose employment is covered by the CBA between the Board and the Union.

13. The relationship between the Union and its members is governed by a separate agreement by and between them to which the Board is not privy.

14. The United States Supreme Court's decision in *Janus v. Am. Fed'n of State, County, and Mun. Employees, Council 31*, __U.S.__, 138 S.Ct. 2448, 201 L.Ed.2d 924, released on June 27, 2018, has spawned the attempted resignation of public-sector union members' memberships, the recission of fair-share-fee payers' authorizations for the deduction of fair-share fees, and also significant derivative litigation against school district boards of education throughout the state as bargaining-unit members explore the boundaries of the First Amendment rights discussed in *Janus*.

15. On June 28, 2018, Sears, who was paying dues as a member, notified the Board that, effective July 1, 2018, she wanted to quit the Union and did not want to pay fair-share fees. On August 28, 2018, the Union disapproved her request to withdraw.

16. On June 28, 2018, Lutz, who was paying dues as a member, notified the Board that she no longer wished to pay Union dues or fair-share fees. On August 22, 2018, Lutz sent a letter to the Union notifying it that she wished to revoke her membership immediately and to cease Union-related payroll deductions. On August 28, 2018, the Union disapproved her request to withdraw.

17. On July 2, 2018, Faber, who was paying dues as a member, notified the Board that, effective at the beginning of the 2018–2019 school year, she wished to be a fair-share employee. On July 14, 2018, Faber sent a letter to the Union notifying it that she wished to revoke her membership. On July 30, 2018, the Union disapproved her request to withdraw.

18. At minimum, each of these employees has thus attempted to revoke her membership in the Union and has revoked affirmative consent to continue paying the Union's dues and fees.

19. For each individual defendant, the Union's "WITHDRAWAL REQUEST REVIEW FORM" stated that "You are to remain on payroll deduction until such time as a timely withdrawal request is submitted."

20. On information and belief, the document(s) governing the Union members' relationship with the Union allow individual members to withdraw from membership during a single 10-day period at the end of each 3-year CBA.

21. In its conclusion, the majority opinion in *Janus* says that employees must "clearly and affirmatively consent before any money is taken from them . . ." *Id.* at 2486. The majority opinion does not address how and when employees can revoke affirmative consent.

22. Relying on *Janus*, the Board halted the deduction of the individual defendants' union dues and fees.

23. In response, on November 15, 2018, the Union filed a grievance alleging that the Board violated the CBA by stopping dues deduction, which is scheduled for arbitration on September 12, 2019.

24. The CBA affords an arbitrator no authority to determine whether the language of the CBA violates the First Amendment and the *Janus* ruling.

## DECLARATORY JUDGMENT

25. The Board incorporates by reference all of the allegations contained in paragraphs 1 through 24 of this Complaint as if fully rewritten here.

13979364v1

26. The Board is not privy to the terms of the relationship between employees, like Sears, Lutz, and Faber, and the Union.

27. In addition to that uncertainty, *Janus* declared that state public-sector collective-bargaining laws cannot override First Amendment protection of the freedom from compelled speech. *Id.* at 2464.

28. *Janus* also recognized the First Amendment-protected freedom of association, which "'plainly presupposes a freedom not to associate.'" *Id.* at 2463 (quoting *Roberts v. United States Jaycees*, 468 U.S. 609, 104 S.Ct. 3244, 82 L.Ed.2d 462 (1984)).

29. Without a declaration by this Court construing the effects of the First Amendment's freedom from compelled speech and "freedom not to associate" on state public-sector collective-bargaining contracts and union members' ability to withdraw consent for automatic payroll deductions for dues and fees to the Union or to withdraw only within a "window,", the Board is subject to competing claims for the employees' wages that would otherwise qualify as dues and fees owed to the Union.

30. That is, if First Amendment freedom-of-association principles supersede earlier-agreed-to contract provisions financially obligating the employees to the Union, the Board must pay those wages to the bargaining-unit members that earned them.

31. But the CBA between the Board the Union provides at § 403A that all union members in the bargaining unit along with all other Board employees "who become members of the union at any time in the future shall, for the term of this contract, continue to be members of the union, and the Board shall not honor dues deduction (check off) revocations from such employees." *See* **Exhibit A**. Since the contract is three years, the window is three years before a member can withdraw.

13979364v1

32. The Board is thus entitled to a declaration by this Court under 28 U.S.C.A. § 2201(a) as to whether the employees' First Amendment rights supersede the relevant provisions in the CBA requiring the Board to deduct Union dues and fees of employees who have revoked consent for their continued deduction, and to whom the Board must tender the employees' wages that would otherwise qualify as dues and fees owed to the Union.

WHEREFORE, Plaintiff, the Board, prays that this Court declare to whom the Board must tender the amounts equal to the union dues and fees of Defendants Sears, Lutz, and Faber or any other bargaining-unit members who revoke their Union membership or withdraw affirmative consent for the continued deduction of dues and fees from their wages: to the employees or to the Union. Plaintiff further requests all other relief that this Court deems just and appropriate.

Respectfully submitted,

*/s/ Nicole M. Donovsky*
Nicole M. Donovsky (Ohio #0072262)
Bryan M. Smeenk (Ohio # 0082393)
BRICKER & ECKLER LLP
100 S. Third Street
Columbus, Ohio 43215
Telephone: (614) 227-2300
Fax: (614) 227-2390
ndonovsky@bricker.com
bsmeenk@bricker.com


*/s/ Mary Jo Slick (per email authority)*
Mary Jo Slick (Ohio #0022553)
6057 Strip Avenue, NW
North Canton, Ohio 44720
Telephone: (330) 492-8136
Fax: (330) 492-6381
MARYJO.SLICK@email.sparcc.org

*Counsel for Plaintiff,*
*Louisville City Board of Education*

7

13979364v1